**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

LARRY WAYNE JONES
ADC #70147                                                                            PLAINTIFF

V.                                         NO: 5:08CV00195 BSM/HDY

ARKANSAS DEPARTMENT
OF CORRECTION *et al.*                                                            DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.
2.    Why the evidence proffered at the hearing before the District Judge (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

1

3.       The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof,  and a copy,  or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate at the Varner Super Max Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on July 17, 2008, alleging that his health is at risk due to food additives in his prison diet.  Defendants are ADC Chief Deputy Director Ray Hobbs, and ADC Food Production Manager Yolanda Clark.

### I.  Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).  A moving party is entitled to summary judgment if the nonmoving party has failed to make a

showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II.  Analysis

According to Plaintiff's complaint, he has been exposed to an increased risk of death due to the ADC's use of carcinogenic food additives.   Plaintiff claims this amounts to deliberate indifference to an unreasonable risk to his health as set forth in *Helling v. McKinney*, 509 U.S. 25 (1993).   Plaintiff specifically identified saccharin as one carcinogenic additive, but alleged that unspecified other substances are also used.   Plaintiff asserts that saccharin carries a warning mandated by the Food and Drug Administration ("FDA") advising consumers that the substance has been determined to cause cancer in laboratory animals.  Plaintiff contends that he is not warned when foods prepared by the ADC contain substances with warnings similar to that carried by saccharin, and fears this could cause him to consume carcinogenic substances in the future.

Defendants assert that Plaintiff failed to exhaust his administrative remedies, that the artificial sweeteners used by the ADC are not carcinogenic, and therefore pose no unreasonable risk of harm, and that they are entitled to sovereign and qualified immunity.  Because there is no evidence that Plaintiff is being now, or has been in the past, served food containing additives that subject him to an unreasonable risk of harm, Defendants' motion should be granted.

Although Plaintiff's complaint focused in particular on the saccharin which he alleged was carcinogenic, he appears to have conceded in his response to Defendants' motion that saccharin is no longer considered a carcinogen (docket entry #47, pages 7-8).  Plaintiff now focuses on his

speculation that the ADC could now, or in the future, serve him food that is possibly carcinogenic. In particular, Plaintiff argues that he should be notified any time a food product carrying a warning similar to that used on saccharin is used in prison food.   Defendants have provided an affidavit from Kay Skillen, the food services administrator for the ADC, who has indicated that all food additives and sweeteners are approved by the FDA, and that all meat and dairy products are approved by the United States Department of Agriculture.   According to Skillen, vegetables are grown by the ADC, and to her knowledge contain no additives.

An inmate may have a claim for deliberate indifference if a prison official knows of and disregards an excessive risk to his health or safety.   *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In *Helling*, *supra*, the Supreme Court determined that a prison inmate's involuntary exposure to environmental tobacco smoke could form the basis for a deliberate indifference claim pursuant to the Eighth Amendment.   The Court stated that to prevail on such a claim, the inmate must satisfy both an objective, and a subjective, element.   With respect to the objective factor, an inmate must show that he himself is being exposed to an unreasonably high level of the substance.   This includes an analysis of whether "society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk.   In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate."   *Helling* at 36 (emphasis in original).   If the objective factor is shown, the inmate must then show that prison officials were indifferent to that risk.

In this case, Plaintiff cannot show that he is being exposed to a risk that is "so grave that it violates contemporary standards of decency" to subject him to that risk, or that the risk is not one society chooses to tolerate.   Other than saccharin, Plaintiff has not identified any specific substances which concern him.   As discussed above, Plaintiff has apparently conceded that saccharin is no

longer considered a carcinogen.  Defendants have provided evidence that all the food products they used are either grown by the ADC, or are approved by the appropriate federal agency.  Given that approval, Plaintiff cannot demonstrate that the risk a theoretical current or future food additive may pose is one that society would not tolerate.  Thus, Plaintiff has failed to establish the objective element of a deliberate indifference claim, and Defendants' motion should be granted.

Even if Plaintiff has been served food products bearing an FDA warning similar to the one formerly carried by saccharin, defendants are entitled to qualified immunity.  The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Plaintiff has offered no law to cause the Court to believe that a reasonable person would know that serving an FDA approved product created an excessive risk to his health or safety.  Thus, Defendants are entitled to qualified immunity.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendants' motion for summary judgment (docket entry #35) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this    23    day of March, 2009.


_____
UNITED STATES MAGISTRATE JUDGE